### RICHARD HOSKINS v. STATE.

No. A-3812.  Opinion Filed Sept. 11, 1922.
(208 Pac. 1054.)

Appeal from County Court, McClain County; George F. Johnson, Judge.

Richard Hoskins was convicted of unlawfully conveying intoxicating liquor, and he appeals.  Affirmed.

E. T. Barber, for plaintiff in error.

The Attorney General, for the State.

PER CURIAM. This is an appeal from the county court of McClain county, wherein Richard Hoskins was, on the 16th day of March, 1920, convicted of the offense of unlawfully conveying intoxicating liquor, and sentenced to pay a fine of $250 and to serve 30 days' imprisonment in the county jail.

The evidence on the part of the state discloses that the defendant was seen to come into the city of Purcell from the south in an automobile in the month of March, 1918.  He was accompanied by his wife, Golden Hoskins, and after he stopped his car on one of the main streets in the city of Purcell, a search of the car was made by one of the city policemen, and three grips were discovered containing about 60 pint bottles full of

whisky. Defendant and his wife were immediately arrested and placed in the county jail.

Defendant testified that a white man by the name of Sands had gone to Fort Worth, Tex., some few days before that, accompanied by the defendant, to purchase some whisky to bring back to Oklahoma City; that they brought the whisky back as far as Pauls Valley in Sands' automobile, but had trouble with Sands' car, and Sands asked the defendant to go to Oklahoma City and get defendant's automobile, and come back to Pauls Valley for the purpose of conveying the whisky from Pauls Valley to Oklahoma City in defendant's car. This the defendant claims to have done, and says, further, that Sands put the whisky into his car on the public highway between Pauls Valley and the town of Wayne; that defendant knew it was whisky; that he was with Sands when he bought it, but that the amount that Sands put in defendant's car was not all of the whisky that Sands had purchased at Fort Worth, nor all that they had brought to the city of Pauls Valley.

There is considerable incriminating evidence against the defendant, consisting of statements made by him at the time of his arrest contradictory of his testimony given upon the trial, defendant having stated at the time of his arrest that the whisky belonged to him; also there is evidence to the effect that the defendant offered the county attorney $50 to dismiss the prosecution against him.

There are several assignments of error. Chiefly, it is urged that the evidence is insufficient to sustain the conviction. On the contrary, we think the defendant's evidence standing alone practically amounts to a plea of guilty. The errors assigned are devoid of merit; it having been repeatedly held that, when the defendant's own testimony shows him to

be guilty, the case will not be reversed except for fundamental error.

No fundamental error appearing, the jugment is affirmed.